UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EILEEN M. ZIEMBA )<br>　　Plaintiff )<br>　　　　　　　　　　　　　　　) <br>v. )<br>　　　　　　　　　　　　　　　)<br>MARILYN R. DIGREGORIO DBA )<br>THE LIDO RESTAURANT )<br>　　Defendant ) | Docket No. 05-40103 FDS |

## FIRST AMENDED COMPLAINT AND JURY DEMAND

### PARTIES

1. The Plaintiff is an individual, who resides at 56 Steepleview Dr., Sturbridge, Worcester County, Massachusetts 01566.

2. The Defendant is upon information and belief, an individual residing at 775 Quinebaug Road, Thompson, CT doing business as The Lido Restaurant, with a principal place of business on Quinebaug Road in Thompson, Connecticut.

### FACTS

3. On or about June 28, 2003, the plaintiff was at Defendant's restaurant in Thompson, Connecticut as a result of advertising by the defendant in Massachusetts. Upon information and belief, The Lido Restaurant is located within a few hundred feet of the Massachusetts border and the restaurant and its sign is visible from Massachusetts. Upon information and belief, the majority of the clientele of The Lido Restaurant comes from Dudley, Webster, and Southbridge, Massachusetts.

1

4. On or about June 28, 2003, plaintiff was exiting the restaurant through the exit leading from the main restaurant to the front porch. The front exit was unreasonably dangerous in that the step-down was unmarked, not to building code, and lacked handrails.

5. Upon information and belief, the owners of the building had recognized the dangerous nature of the exit and had negligently placed a sign warning of the danger on the back of the exit door. Because the exit door was open when plaintiff approached it, the sign was not visible, due to the negligent placement of the sign by defendant.

6. Upon information and belief, other patrons of the restaurant had fallen due to the unreasonably dangerous step-down, had been injured, and such injuries were known to the defendant.

7. Upon information and belief, because other patrons of the restaurant had fallen due to the unreasonably dangerous step-down, had been injured, and such injuries were known to the defendant, the defendant had attempted to warn patrons of the dangerous condition but had done so negligently.

8. As a direct causal result of the negligence of defendant and and/or its agents or employees and the unreasonably dangerous condition of defendant's premises, Plaintiff fell, breaking her leg and hip. Plaintiff was taken by ambulance to Harrington Memorial Hospital, where she was stabilized and then transported to Worcester Medical Center where she underwent leg and hip surgery. Plaintiff thereafter underwent rehabilitation at Hubbard Regional Hospital Rehab Center.

9. As a direct causal result of the negligence of defendant and and/or its agents or employees and the unreasonably dangerous condition of defendant's premises, Plaintiff suffered permanent physical and mental injuries including an in turned foot, causing her to walk with a limp and using a cane.

## JURISDICTION AND VENUE

10. Jurisdiction is proper pursuant to 28 U.S.C. 1332(a)(2) because of diversity of citizenship and because the amount in controversy exceeds $75,000 (seventy-five thousand dollars).

11. Venue is proper pursuant to 28 U.S.C. 1391.

## FIRST COUNT

(Premises Liability)

12. Plaintiff repeats and realleges each preceding paragraph of this Complaint.

13. Defendant through its agents and employees negligently allowed an unreasonably dangerous condition to exist on its premises.

14. As a result of defendant's negligence and the dangerous condition of its premises, plaintiff has suffered damages, including but not limited to a broken hip, broken leg, permanent pain, permanent limp, permanent loss of hip and leg function, mental and emotional anguish.

WHEREFORE, the Plaintiff demands judgment under Count I for the full extent of her damages including interest and costs.

## COUNT II

15. Plaintiff restates and realleges all preceding paragraphs of this Complaint.

16. Plaintiff negligently placed the sign warning of the dangerous condition on its premises so that the sign was not visible if the door was open.

17. As a result of defendant's negligence and the dangerous condition of its premises, plaintiff has suffered damages, including but not limited to a broken hip, broken leg, permanent pain, permanent limp, permanent loss of hip and leg function, mental and emotional anguish.

WHEREFORE, the Plaintiff demands judgment under Count II for the full extent of her damages including interest and costs.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS SO TRIABLE**

Respectfully Submitted,
The Plaintiff,
Eileen Ziemba.

By: /s/ Herman T. Bayless

Herman T. Bayless
B.B.O. No. 557032
118 Main Street
Sturbridge, MA 01566
(508) 797-3777

Date: January 25, 2006

5